IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| LLOYD SCOTT MAIER, | ) | Cause No. CV 11-79-BLG-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| WARDEN MIKE MAHONEY; | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On June 8, 2011, Petitioner Lloyd Maier filed this action for a writ of habeas corpus under 28 U.S.C. § 2254.[1] Maier is a state prisoner proceeding pro se.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the

---

[1] On July 5, 2011, Maier signed his petition (doc. 1-3) in response to the Order of June 29, 2011 (doc. 5). Despite the date on the signature page, the filing date is June 8, 2011.

1

petitioner is not entitled to relief in the district court." Id.

Maier was convicted in 1996 of two counts of attempted deliberate homicide. He was designated a persistent felony offender. On June 26, 1996, he was sentenced to serve a total of 85 years in prison, with five suspended. It appears that he will not be eligible for parole until he has served 32 years in prison. Pet. (doc. 1) at 2 ¶ 3; State v. Maier, 977 P.2d 298, 302 ¶ 16 (Mont. 1999). Maier's convictions and sentence were affirmed on direct appeal on March 18, 1999. Pet. at 3 ¶ 9; Maier, 977 P.2d at 314 ¶ 98. He pursued various forms of collateral relief, including two previous habeas petitions in this Court.[2]

Maier now contends that he was erroneously designated as a persistent felony offender in 1996, Pet. at 6, 10; that the erroneous designation, using his juvenile record, not only delayed the date of his eligibility for parole but also diminished the likelihood of clemency, id. at 7; and that he only learned of the erroneous designation in 2010, when prison staff informed him of it, id. at 14. He also states:

> The established law at the time I was sentenced stated that I had to have (3) prior felony convictions in order for me to be charged with persistent felony offender. At that time I was charged, without my sealed juvenile conviction, I had only two prior felonys [sic] convictions.

---

[2] In September 2010, Maier's application for clemency was denied. Although he challenges that denial in the instant petition, those allegations have been severed and are addressed in another case. They are not at issue in this case. Order of Severance (doc. 1) at 1-2.

Id. at 10-11. For his relief, he seeks to have the persistent felony offender designation dropped and his sentence reduced. Id. at 15. He also asks the Court to order an investigation and criminal charges to be filed against the prosecutor, but he lacks standing to raise this claim. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

Montana law provides:

A "persistent felony offender" is an offender who has previously been convicted of a felony and who is presently being sentenced for a second felony committed on a different occasion than the first. An offender is considered to have been previously convicted of a felony if:
(1) the previous felony conviction was for an offense committed in this state or any other jurisdiction for which a sentence to a term of imprisonment in excess of 1 year could have been imposed;
(2) less than 5 years have elapsed between the commission of the present offense and either:
   (a) the previous felony conviction; or
   (b) the offender's release on parole or otherwise from prison or other commitment imposed as a result of the previous felony conviction; and
(3) the offender has not been pardoned on the ground of innocence and the conviction has not been set aside in a postconviction hearing.

Mont. Code Ann. § 46-18-501 (1993).[3] *One* prior felony conviction within the previous five years supports a persistent felony offender designation. As Maier admits, Pet. at 11, he had two. See also CONWeb, https://app.mt.gov/conweb (accessed July 12, 2011); Maier, 977 P.2d at 312-13 ¶¶ 81-84.

---

[3] This statute has not been amended since at least 1977.

The instant petition is Maier's third aimed at findings and conclusions underlying the criminal judgment entered against him in 1996. As Maier knows, Order (doc. 6) at 2, Maier v. Mahoney, No. CV 04-69-GF-SEH-CSO (D. Mont. Nov. 8, 2004), this Court has no jurisdiction to consider a second or successive habeas petition unless the Ninth Circuit Court of Appeals authorizes its filing. See also Order (doc. 54), Maier v. Mahoney, No. CV 99-81-GF-RFC (D. Mont. judgment entered June 8, 2001) (granting Respondents' motions for summary judgment on first petition). All allegations aimed at vacating Maier's conviction or amending or vacating his sentence should be dismissed for lack of jurisdiction. Burton v. Stewart, 549 U.S. 147, 149 (2007) (per curiam). Transfer is not in the interests of justice, 28 U.S.C. § 1651, because Maier's claims lack merit and probably are time-barred and procedurally barred as well.

A certificate of appealability is not warranted. Maier's claims against his conviction present no open questions and nothing on which reasonable jurists could disagree. The law underlying denial of his claims is well-established. There is no doubt about the procedural ruling, and, because a persistent felony offender designation under state law requires only one prior felony within the pertinent time period, Maier's petition lacks merit. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A

certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The petition (doc. 4) should be DISMISSED for lack of jurisdiction as an unauthorized second or successive petition.

2. The Clerk of Court shall enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1), Maier may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Maier files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Maier from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to

which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Maier must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 29th day of July, 2011.

/s/ Carolyn S. Ostby
United States Magistrate Judge